IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| GEORGE L. MOTHERSHED, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-18-835-D |
| STATE OF OKLAHOMA, *ex rel.* Justices of the Oklahoma Supreme Court and Judges of the Court of Civil Appeals of the State of Oklahoma, | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff George L. Mothershed's Affidavit and Petition to Proceed Pro Se [Doc. No. 3], which is designed to satisfy the requirements of filing restrictions imposed in *Mothershed v. State of Oklahoma ex rel. Oklahoma Bar Association*, Case No. CIV-13-435-C (W.D. Okla. Dec. 20, 2013), *aff'd*, No. 14-6044 (10th Cir. July 1, 2014). Plaintiff has also filed a Complaint for Declaratory and Injunctive Relief [Doc. No. 1] and two motions.

As stated on the face of the Complaint, this is the fourth similar action filed by Plaintiff *pro se* since May 2018 against justices of the Oklahoma Supreme Court and three judges of the Oklahoma Court of Civil Appeals seeking to invalidate Rule 1.36(g) of the Oklahoma Supreme Court Rules and all proceedings in an unsuccessful state court appeal.[1]

---

[1] The prior federal cases (with identical captions) are Nos. CIV-18-516-D, CIV-18-596-D, and CIV-18-687-D. The state court appeal was *Apache Corp. v. Mothershed*, Case No. 115,367 (Okla. Civ. App. Jan. 20, 2017), *cert. denied* Order (Okla. Sept. 25, 2017), *motion to recall mandate denied*, Order (Okla. May 21, 2018), *cert. denied*, 138 S. Ct. 675 (Jan 8, 2018).

Plaintiff has made no material changes to the allegations of his last complaint (in Case No. CIV-18-687-D) and provides an identical Affidavit and Petition to Proceed Pro Se (except for omitting a prior attachment).

The only changes in the Complaint are not new matters. One change is to include a new footnote re-stating an argument regarding immunity presented in Plaintiff's motion for new trial filed in the last case. *Compare* Compl. [Doc. No. 1] at 4 n.1 *with* Case No. CIV-18-687-D, Mot. New Trial [Doc. No. 9] at 4-6 (Aug. 6, 2018) (hereafter, "New Trial Motion"). Also, Plaintiff emphasizes he is challenging the systemwide enforcement of an allegedly unconstitutional practice or rule, and adds a new footnote stating: "This issue has previously been raised but it has not previously been addressed by this Court." *See* Compl. at 5 n.2. In fact, the Court summarily rejected this argument in Plaintiff's last case, where he argued in his New Trial Motion (¶ 5) that the Court did not "dispose of this allegation of the 'system wide exception' to establish Mothershed has standing to sue as the Defendants [sic] as set forth in Jordan v. Sosa, 654 F.3d at, 1028-29."

The same systemwide allegation in the current Complaint (¶ 4(a)) appeared in Plaintiff's last complaint, which was dismissed July 31, 2018. *See* Case No. CIV-18-687-D, Compl. [Doc. No. 1], ¶ 4(a). The Court previously explained to Plaintiff in denying his New Trial Motion in that case: "Before issuing the July 31 Order, the Court carefully examined Plaintiff's proposed pleading, and thoroughly considered and rejected his arguments." *See* Case No. CIV-18-687-D, Order of Aug. 21, 2018 [Doc. No. 10]. The existence of a systemwide rule that continues to affect a plaintiff may allow him to avoid the mootness doctrine when his individual circumstances change, like prisoners who are

2

transferred to a different institution but remain subject to the same institutional rule. *See Jordan v. Sosa*, 654 F.3d 1012, 1028 (10th Cir. 2011). It does not establish a plaintiff's standing to seek a declaratory judgment regarding a rule where, as here, the plaintiff does not allege any facts to show he is currently subject to the rule. *See id*. at 1019 ("Standing is determined as of the time the action is brought" and a plaintiff "must demonstrate a continuing injury to establish standing for prospective relief.").

For the reasons explained in Plaintiff's prior cases on the same subject, the Court finds that Plaintiff should not be authorized to bring his proposed case without counsel, and that the Complaint should be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's Petition to Proceed Pro Se [Doc. No. 3] is DENIED and the Complaint for Declaratory and Injunctive Relief [Doc. No. 1] is DISMISSED without prejudice.[2]

IT IS FURTHER ORDERED that Plaintiff's Motion to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 2], and Plaintiff's Motion for Preliminary Injunction and Declaratory Relief [Doc. No. 4] are DENIED as moot.

---

[2] A dismissal without prejudice to refiling is required where a district court lacks jurisdiction, even if a refiling would be futile. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006). In this case, a dismissal without prejudice should not be read by Plaintiff as an invitation for additional repetitive filings. The Court will consider any future filing by Plaintiff against justices of the Oklahoma Supreme Court on this same subject matter to be an abusive filing, and a proper ground for the imposition of sanctions.

IT IS SO ORDERED this 7th day of September, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE